Honorable Joseph N. Murphy, Jr. Executive Director Employees Retirement System of Texas Box 12337 Capitol Station Austin, Texas 78711
Re: Eligibility of certain county attorneys for participation in the Employees Retirement System.
Dear Mr. Murphy:
You have requested our opinion concerning the following question:
 Is a county attorney who receives compensation from the State for performing the duties of a district attorney eligible for inclusion in the elective official class of membership in the Employees Retirement System?
You specifically refer to those county attorneys who perform the duties of district attorneys pursuant to article 332b-1, V.T.C.S., as amended by Acts 1977, 65th Leg., ch. 742, at 1866, and question the relationship of this amendment to that of article 6228a, V.T.C.S., which establishes membership criteria for the Employees Retirement System. Acts 1977, 65th Leg., ch. 279, at 745.
In Attorney General Opinion H-473 (1974) we ruled that state-paid criminal district attorneys were eligible for membership to the extent of their compensation from the State. See also Attorney General Opinion M-1087 (1972). The opinion was based upon our conclusion that a criminal district attorney was a type of district attorney and thus eligible under section 3(B)(1) of article 6228a, V.T.C.S. Pursuant to this decision, your office has adopted a policy by which a county attorney is eligible if he is performing the duties of a district attorney and is paid by the State pursuant to article 332b-1, V.T.C.S. Your administrative construction of an ambiguous provision of article 6228a, see Attorney General Opinion H-473 (1974), is entitled to weight. Calvert v. Kadane, 427 S.W.2d 605 (Tex. 1968). Your question is whether this policy should remain in effect after the January 1, 1978, effective date of the amendments to article 6228a.
The amendment to section 3A of article 6228a in part establishes two classes of members, elective state officials and appointive officers or employees, providing:
 [T]he elective state official class shall be all statewide elected officials, members of the State Legislature, and district attorneys receiving salaries paid by the state General Revenue Fund who choose to become members. . . . The elective state official class shall not include any other elective official of a district, county, or municipality, nor of the court system of the State of Texas.
Acts 1977, 65th Leg., ch. 279, at 745. The amended portion of section 3A is virtually identical in relevant respect to the provision under which your policy was adopted. Both versions permit district attorneys paid by the State to become members, while excluding other elective district and county officials. The Legislature thus amended the statute without changing the effect of your administrative construction, and must be deemed to have accepted it. Calvert v. Houston Lighting Power Co.,369 S.W.2d 502 (Tex.Civ.App.-Austin 1963, writ ref'd n.r.e.). Since the State is paying the salaries of the subject attorneys, it would be reasonable for the Legislature to include them within the membership of the Employees Retirement System and to match their contributions which come indirectly from the General Fund. We believe that the Legislature intended county attorneys who perform the duties of district attorneys and are paid by the State to be considered district attorneys under the amendment. Otherwise he might be precluded from receiving credit for the state-paid service from any retirement system. See V.T.C.S. art. 6228g, § 6, 11(a).
Our interpretation of the legislative intent with respect to article 6228a, section 3A is supported by the language of the amended article 332b-1. This statute provides in part:
 [Enumerated counties], in all of which counties there is either the office of criminal district attorney or the office of county attorney performing the duties of a district attorney, the official performing such services shall be compensated for his services by the State in such manner and in such amount as may be fixed by the general law relating to the salary to be paid to district attorneys by the State.
Acts 1977, 65th Leg., ch. 742, at 1866. Retirement benefits are a form of compensation. Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928). Consequently, article 332b-1 requires that the subject county attorneys be granted the same retirement benefits as district attorneys, and in our opinion county attorneys subject to article 332b-1 are eligible for membership in the Employees Retirement System as elective state officials under the amendments to article 6228a.
 SUMMARY
County attorneys governed by article 332b-1 are `district attorneys receiving salaries paid by the state General Revenue Fund' within the terms of article 6228a as amended by Acts 1977, 65th Leg., ch. 279, at 745.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee